[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 105
On March 27, 1991, the plaintiffs, Jacques Marquette and Roger R. Poulin, filed a fourteen count complaint seeking, inter alia, damages arising out of the plaintiffs' purchase of an aircraft.
Counts thirteen and fourteen are the counts at issue and are directed against Blue Bird Aviation ("Blue Bird") and Harold Morrarty ("Morrarty"), respectively. The thirteenth count alleges imputed liability against Blue Bird based upon the alleged negligence of Morrarty, a Blue Bird employee. The fourteenth count alleges negligent inspection against Morrarty. On May 2, 1991, the defendants filed a consolidated answer. CT Page 7553
Blue Bird and Morraty (hereinafter "defendants") have filed a motion to strike the subject counts on the ground that "the inspection of the aircraft was not done for the purposes of sale of the aircraft, but rather to fulfill requirements of regulations promulgated by the Federal Aviation Administration under the authority given to it by 49 U.S.C. § 1355 and 1421, under which there are no private rights of action." Blue Bird and Morrarty have filed a memorandum of law in support of their motion to strike.
Practice Book, Sec. 112 sets forth the order of pleadings and provides, in pertinent part:
The order of pleadings shall be as follows:
 (1) The plaintiff's complaint. (2) The defendant's motion to dismiss the complaint. (3) The defendant's request to revise the complaint. (4) The defendant's motion to strike the complaint. (5) The defendant's answer . . . to the complaint.
In the present action, the defendants have filed their answer before filing their motion to strike in violation of section 112.[1] Therefore, in accordance with section 112, the defendants' motion is denied. See, e.g., Loureiro v. Loureiro,
Superior Court, Judicial District of Litchfield, Docket No. 058735 (April 30, 1992, Dranginis, J.).
Stodolink, J.